## Coulter, &c. *vs* Bank of the Commonwealth---Three cases.

DEBT.

### ERROR TO THE WASHINGTON CIRCUIT.

*Sheriffs.   Deputy Sheriff.   Demand.*

Case 80.

JUDGE BRECK delivered the opinion of the Court.

April 14.

THESE suits are brought upon the official bond of the Sheriff, by the President and Directors of the Bank of the Commonwealth as relators.

The case stated.

The relators placed executions in the hands of Robertson, deputy Sheriff of Morgan, Sheriff of Washington county, the relators being the plaintiffs in the executions, but neither of them residing in the county. The money was made upon the executions by the deputy and demanded of him by the relators, and he failed to pay it over. Whether such demand and the failure of the deputy to pay over, will enable the relators to maintain their action upon the official bond of the principal, is the single question in these cases for consideration. We apprehend the question has not been directly presented and settled by this Court.

The 22d section of the "Act to amend and reduce into one the execution laws of this State," (*Stat. Law*, 648,) prescribes the mode by which the plaintiff in an execution, or creditor, not residing in the county where the collecting officer may reside, may constitute some person, resident within the county in which the execution is to be levied, as his agent to receive the money collected under the execution. The same section provides that if no such agent is appointed, "the Sheriff shall not be liable to a motion or suit for not paying over the money, until

Under 22d sec. of the execution law, (*Stat. Law*, 648,) it is sufficient that the money collected by a deputy Sheriff be demanded of the deputy, to authorize a suit against the principal and sureties, and not necessary to demand it of principal.

the plaintiff shall make or cause a demand to be made of the Sheriff or his representatives." Is a demand of the deputy, who has collected the money, a demand of the Sheriff, and a compliance with that provision in the section referred to, making a demand by the plaintiff of the Sheriff or his representatives, a pre-requisite to any proceeding by motion or suit? We are of opinion it should be so regarded.

The deputy, in the receipt of the execution and the collection of the money, is in effect the Sheriff, and in all respects in reference to the transaction, represents and fills that character. The law recognizes him in that character, and his acts as the acts of the Sheriff. He is so, by the express will and appointment of his principal.

Money collected upon execution by a Sheriff may be regarded as on deposit in his hands, subject to the demand of the plaintiff. The deputy is constituted by his principal and recognized by law as the legal depository of money collected by him upon execution. The money, when in his hands, is in effect in the hands of the Sheriff, and a demand of the deputy should be considered a demand of the Sheriff. When the money is collected by the principal or Sheriff, in the strict and technical meaning of the term, of course the demand should be made of him, and in case of his death, of his representatives.

Judgments affirmed with damages and costs.

*Harlan & Craddock* for plaintiffs: *Cates & Lindsey* for defendants.